United States District Court
Southern District of Texas
**ENTERED**
January 31, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLYDE DENE MILES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-0265 |
| | § | |
| JERRY J. SANCHEZ, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the Rule 12(b)(6) motion to dismiss filed by defendant Jerry J. Sanchez (Docket Entry No. 31) and plaintiff's response in opposition (Docket Entry No. 38).

Having considered the motion, the response, the complaint, the more definite statement, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** plaintiff's claims against Sanchez with leave to amend, as shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis,* filed a complaint under 42 U.S.C. § 1983 against Texas Department of Criminal Justice ("TDCJ") employees warden Jerry J. Sanchez and correctional officer Peter Ogundahunsi. Plaintiff claims in his complaint and more definite statement that defendant Ogundahunsi used excessive force against him at the Jester IV Unit, and that Jester IV Unit warden defendant Sanchez followed

a custom or policy of allowing correctional officers to use excessive force against prisoners. Plaintiff seeks monetary damages against the defendants in their individual capacities.

Defendant Sanchez filed the Rule 12(b)(6) motion to dismiss plaintiff's claims against him, arguing that plaintiff fails to plead factual allegations sufficient to raise a viable claim for relief against him.

## II.  ANALYSIS

A.    Rule 12(b)(6)

"To survive a motion to dismiss [under Rule 12(B)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678. Thus, while a complaint need not contain detailed factual allegations, it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The courts should neither "strain to find inferences favorable to the plaintiff" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

B.     Claims Against Sanchez

A supervisory official such as defendant Sanchez cannot be held liable in his individual capacity under section 1983 unless he affirmatively participated in the acts which caused the constitutional deprivation or he implemented an unconstitutional policy that causally result in the constitutional injury. *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010); *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). That is, a supervisor may be held liable if he implements "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Brown v. Cain*, 546 F. App'x 471, 475 (5th Cir. 2013) (cleaned up).

In the instant case, plaintiff pleads no factual allegations showing that Sanchez had any personal involvement in the use of force incident made the basis of this lawsuit. Consequently, in order to hold Sanchez liable in his individual capacity under section 1983, plaintiff must plead factual allegations sufficient to show that Sanchez implemented an unconstitutional policy that causally resulted in plaintiff's constitutional injury. However, plaintiff fails to plead such factual allegations. To the contrary, plaintiff asserts in his more definite statement that

> TDCJ officials have a custom, pattern, history, and usage of allowing officers to use unnecessary force. They allow the officers to hit, punch, and kick prisoners even when prisoners are fully restrained and not resisting. As the warden of [Jester IV] it was and is the warden's duty to end any and all violations of on-going customs, patterns that violate Civil Rights and Constitutional Rights of prisoners. Instead, Warden Sanchez, as a

3

disproportionate amount of TDCJ administrators do, in fact allow correctional officers to assault inmates.

(Docket Entry No. 18, p. 7.) These "labels and conclusions, and a formulaic recitation of the elements of a cause of action" for supervisory liability are insufficient to plead a colorable claim for relief. *See Twombly*, 550 U.S. at 555.

Plaintiff alleges no factual allegations against Sanchez in his individual capacity that if true, would rise to the level of a constitutional violation under section 1983. The motion to dismiss is **GRANTED** and plaintiff's claims against Sanchez are **DISMISSED WITHOUT PREJUDICE**.

C.      Leave to Amend

Plaintiff is **GRANTED LEAVE** to file an amended complaint to cure the above pleading deficiencies. Plaintiff must plead facts, not conclusory allegations, sufficient to raise a viable claim for relief under section 1983 against Sanchez in his individual capacity. The amended complaint must be submitted on the approved standardized preprinted complaint form for use by *pro se* prisoners, and be filed within **THIRTY DAYS** from date of this order. No new claims or parties may be joined. The amended complaint must be labeled as an amended complaint and be filed under this case number to avoid duplicate cases and filing fees. Any amended complaint that fails to comply with this order will be stricken from the record.

4

## III.  CONCLUSION

The Court **ORDERS** as follows:

1.  Plaintiff's motion for appointment of counsel (Docket Entry No. 38) is **DENIED** at this time, subject to reconsideration should this case be set for a jury trial.

2.  Defendant Sanchez's motion to dismiss (Docket Entry No. 31) is **GRANTED**. Plaintiff's claims against Sanchez are **DISMISSED WITHOUT PREJUDICE** and with leave for plaintiff to file an amended complaint within **THIRTY DAYS** from date of this order.

3.  The stay of deadlines pending disposition of the motion to dismiss is **LIFTED**. Any dispositive motions are due within **NINETY DAYS** from date of this order.

4.  This is an **INTERLOCUTORY ORDER**.

Signed at Houston, Texas, on _____JAN 3 1 2023_____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE